UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TRENTON HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:22-cv-00010 |
| | ) |
| UNITED PAYMENT CENTER INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, TRENTON HARRIS ("Plaintiff"), by and through his attorneys, Agruss Law Firm, LLC, alleges the following against Defendant, UNITED PAYMENT CENTER INC. ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

2. Count II of Plaintiff's Complaint is based on the Texas Debt Collection Act Tex. Fin. Code Ann. § 392, et seq. ("TDCA").

**JURISDICTION AND VENUE**

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k.

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state claim alleged herein pursuant to 28 U.S.C. § 1367 as it is "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

7. Plaintiff is a natural person residing in the City of Dallas, Dallas County, State of Texas.

8. Plaintiff is a consumer as that term is defined by the FDCPA and TDCA.

9. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and TDCA.

10. Defendant is a debt collector as that term is defined by the FDCPA and TDCA.

11. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a is a California business corporation headquartered in the City of Baldwin Park, Los Angeles County, State of California.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile, as well as reporting alleged debts

to credit reporting bureaus.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect a consumer debt from Plaintiff, which is allegedly owed by Plaintiff arising from a Wells Fargo Bank account.

19. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

20. Defendant calls Plaintiff on Plaintiff's cellular telephone at 858-335-8276.

21. Defendant calls Plaintiff from, at least, 888-408-2756 and 909-200-3360, which are two of Defendant's telephone numbers.

22. In connection with the above-referenced collection calls, Defendant also leaves voicemail messages for Plaintiff.  One such voicemail message is transcribed as follows:

> This is not a solicitation.  Please listen to this message in its entirety.  I'm contacting you in reference to a complaint that's being filed against you. To discuss the pending actions or to review your immediate rights pertaining to this matter, you must contact the firm that's handling your case at 1-888-408-2756, or you may press one to be connected to your case manager now.  Please be advised that this call is being monitored and recorded as proof of the efforts made to notify you regarding the pending action being filed against you.  Press one now.

23. With regard to the above-referenced voicemail messages:

   a. Defendant's collector failed to disclose that the calls were coming from United Payment Center, Inc.;

   b. Defendant's collector failed to disclose that the calls were made in an attempt to collect a debt and that any information obtained will be used for that purpose;

   c. Defendant's collectors made misrepresentations and threats of legal action against

      Plaintiff.

   d. Defendant's collector gave 888-408-2756 as their callback number—which is one of Defendant's telephone numbers.

24. In response to the above-referenced voicemail message, Plaintiff called Defendant at 888-408-2756 and spoke to Defendant's collector who identified herself as Nataly Martinez.

25. During the above-referenced call:

   a. Defendant's collector claimed that Defendant had sued Plaintiff and that the case "is still in the preliminary stages of filing a judgment.";

   b. Defendant's collector claimed that Plaintiff was sued for, among other things, "malicious intent to defraud a financial institution"; and

   c. Defendant's collector threatened that Defendant would lien and attach Plaintiff's assets.

26. To date, Plaintiff has not paid the alleged debt.

27. To date, Defendant has not sued Plaintiff.

28. Defendant never intended to sue Plaintiff.

29. The above-referenced empty and unlawful threats were calculated to frighten Plaintiff and coerce Plaintiff to pay the alleged debt.

30. The natural consequences of Defendant's actions were to unjustly condemn and vilify Plaintiff for his non-payment of the debt Plaintiff allegedly owes.

31. The natural consequences of Defendant's actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequences of Defendant's actions were to cause Plaintiff mental distress.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

33. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

    c. Defendant violated § 1692e(2)(A) of the FDCPA by its false representation of the character, amount, or legal status of any debt when Defendant's collector made false and/or empty threats of legal action against Plaintiff;

    d. Defendant violated § 1692e(4) of the FDCPA by its representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant's collectors made false and/or empty threats that Defendant was charged with a criminal offense and that Defendant would lien and attach Plaintiff's assets;

    e. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collectors made false and/or empty threats of legal action;

    f. Defendant violated § 1692e(7) of the FDCPA by its false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Defendant's collector claimed that Plaintiff had been charged with malicious intent to defraud a financial institution;

    g. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein; and

    h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, attorney's fees, and costs, and such other and further relief as the Court deems proper.

WHEREFORE, Plaintiff, TRENTON HARRIS, respectfully requests that judgment be entered against Defendant for the following:

36. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

37. Statutory damages of $1,000.00 from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A);

38. Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3); and

39. For such other and further relief as the Court may deem just and proper.

## COUNT II:
## DEFENDANT VIOLATED THE TEXAS DEBT COLLECTION ACT

40. Plaintiff incorporates by reference the foregoing paragraphs 1-35 of this Complaint as

though fully stated herein under Count II of Plaintiff's Complaint.

41. Defendant violated the TDCA based on the following:

    a. Defendant violated Tex. Fin. Code § 392.301(2) by accusing falsely or threatening to accuse falsely a person of fraud or any other crime when Defendant claimed that Plaintiff was charged with malicious intent to defraud a financial institution;

    b. Defendant violated Tex. Fin. Code § 392.301(6) by threatening to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law when Defendant claimed that Plaintiff was charged with malicious intent to defraud a financial institution;

    c. Defendant violated Tex. Fin. Code § 392.301(8) by threatening to take an action prohibited by law when Defendant claimed that it charged Plaintiff with malicious intent to defraud a financial institution;

    d. Defendant further violated Tex. Fin. Code § 392.301(8) when Defendant's collector made empty/false threats that Defendant had sued Plaintiff and would lien and attach Plaintiff's assets;

    e. Defendant violated Tex. Fin. Code § 392.302(1) by its use of language intended to abuse unreasonably the hearer or reader when Defendant claimed that it charged Plaintiff with malicious intent to defraud a financial institution;

    f. Defendant violated Tex. Fin. Code § 392.304(8) by misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding when Defendant's collector made numerous such false statements and empty threats against Plaintiff; and

    g. Defendant violated Tex. Fin. Code § 392.304(19) using any other false representation

or deceptive means to collect a debt or obtain information concerning a consumer when Defendant engaged in, at least, all of the foregoing.

42. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

WHEREFORE, Plaintiff, TRENTON HARRIS, respectfully requests that judgment be entered against Defendant for the following:

43. For actual and statutory damages as provided by Tex. Fin. Code Ann. § 392.403 and/or Tex. Bus. & Com. Code § 17.50(d);

44. For attorneys' fees, costs and disbursements;

45. Injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1); and

46. For any such other and further relief, as well as further costs, expenses and disbursements for this action, as this court may deem just and proper.

DATED: January 3, 2022

Respectfully submitted,
AGRUSS LAW FIRM, LLC

By: /s/ James J. Parr
James J. Parr
IL State Bar #: 6317921
Agruss Law Firm, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
james@agrusslawfirm.com
Attorney for Plaintiff